**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

---

LEGENDS COLLISION, LLC, *et al.*,

                            Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, *et al.*,

                            Defendants.

**Case No. 6:14-MD-02557-GAP-TBS**

**RE: No. 6:14-CV-06006-GAP-TBS**

---

## GEICO CASUALTY COMPANY, GEICO GENERAL INSURANCE COMPANY, GEICO INDEMNITY COMPANY AND GOVERNMENT EMPLOYEES INSURANCE COMPANY'S PARTIAL OBJECTION TO REPORT AND RECOMMENDATION

GEICO Casualty Company, GEICO General Insurance Company, GEICO Indemnity Company and Government Employees Insurance Company (collectively, "GEICO") request that the Court adopt Magistrate Judge Smith's Report and Recommendation (Doc. 108) ("R&R") and dismiss Plaintiffs' Tortious Interference with Business Relations (Count Three) and Unjust Enrichment (Count Four) claims against GEICO with prejudice. GEICO respectfully files this Partial Objection to object to *dicta* in footnote 2 that unnecessarily speculates about Arizona law.

Footnote 2 addresses GEICO's argument that the Court should not create new Arizona tortious interference law by permitting a claim for tortious interference with business relations based only on alleged interference with an identifiable class of potential customers. R&R at 10 n.2; *see also* Doc. 104 at 5. The R&R acknowledges that, in *Dube v. Likins* in 2007, the Arizona Court of Appeals expressly declined to decide whether a tortious interference claim can be based only on alleged interference with an identifiable class of potential customers. R&R at 10 n.2 (citing *Dube*, 167 P.3d 93 (Ariz. Ct. App. 2007)). The R&R also makes the observation that the decision in *Antwerp Diamond Exchange of America, Inc. v. Better Business Bureau of Maricopa County, Inc.* from 1981 "supports a finding that a claim for tortious interference with business relations can be based on interference with an identifiable class of customers." *Id.* (citing *Antwerp*, 637 P.2d 733 (Ariz. 1981)).

The R&R's observation about *Antwerp* is *dicta* because the R&R recommends the Court dismiss Plaintiffs' tortious interference claims on other grounds. *See* R&R at 5-16. The observation suggests this is a settled question of Arizona law when it is not and other courts have indicated, consistent with *Dube*'s guidance, that such claims are not permitted. *See, e.g., AIRFX.com v. AirFX LLC*, No. CV 11-01064-PHX-FJM, 2011 WL 6846428, at *1 (D. Ariz. Dec. 29, 2011) (granting motion to dismiss because plaintiff did not identify a specific relationship); *Doe v. Arizona Hosp. & Healthcare Ass'n*, No. CV07-1292-PHX-SRB, 2009 WL 1423378, at *10-11 (D. Ariz. Mar. 19, 2009) ("As no Arizona court has recognized interference with the free market with respect to wage determination as a type of tortious interference with

1

business expectancy, Plaintiffs cannot advance that argument in lieu of establishing the existence of a valid contractual relationship or business expectancy.").

The *Dube* court expressly addressed *Antwerp*, noting the business relationship requirement was not at issue.  167 P.3d at 101-02 ("The supreme court did not focus on the requirement of a business relationship, but stated that 'purchasers' might be dissuaded from doing business with the plaintiff.") (citing *Antwerp*, 637 P.2d at 740); *see also Antwerp*, 637 P.2d at 740 (noting that "[p]urchasers might be persuaded," but not discussing the boundaries of such a claim or what evidence regarding potential purchasers the plaintiff had offered).

That Arizona courts would not permit a tortious interference claim based only on interference with an identifiable class of potential customers is further supported by longstanding Arizona law that a tortious interference claim must be based on more than mere hope.  *See Marmis v. Solot Co.*, 573 P.2d 899, 902 (Ariz. Ct. App. 1977) (plaintiff's expectancy of purchase "amounted only to a hope" because conditioned upon absence of bidders and upon court approval); *Dube*, 167 P.3d at 99 ("A claim for tortious interference with a business expectancy is insufficient unless the plaintiff alleges facts showing the expectancy constitutes more than a mere 'hope.'").  It is also consistent with Arizona federal courts' conclusions that "when the relationship is prospective, there must be a reasonable assurance that the contract or relationship would have been entered into" but for the interference and that tortious interference damages must be established with "reasonable certainty."  *Megawatt Corp. v. Tucson Elec. Power Co.*, CIV No. 86–173–PGR–TUC, 1989 WL 95602, at *8 (D. Ariz. May 26, 1989); *S. Union Co. v. Sw. Gas Corp.*, 180 F. Supp. 2d 1021, 1048 (D. Ariz. 2002) (citing *Rancho Pescado, Inc. v. Northwestern Mut. Life Ins. Co.*, 140 Ariz. 174, 680 P.2d 1235, 1244–47 (1984)).

An Arizona court may someday permit a tortious interference claim based only on interference with an identifiable class of potential customers to proceed and may rely on *Antwerp* as support for this decision, as the R&R suggests.  But no Arizona court has yet done so, and it is unnecessary for this Court to speculate how Arizona courts will resolve this issue in *dicta*.

DATED this 13th day of May, 2016.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

 */s/ Dan W. Goldfine*
Dan W. Goldfine (*admitted pro hac vice*)
Joshua Grabel (*admitted pro hac vice*)
Jamie L. Halavais (*admitted pro hac vice*)
Ian Fischer (*admitted pro hac vice*)
201 East Washington Street, Suite 1200
Phoenix, Arizona  85004
Telephone: 602-262-5392
Facsimile:  602-262-5747
Email:  dgoldfine@lrrc.com
          jgrabel@lrrc.com
          jhalavais@lrrc.com
          ifischer@lrrc.com

Counsel for GEICO Casualty Company, Government Employees Insurance Company, GEICO General Insurance Company and GEICO Indemnity Company

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 13th day of May, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.


*/s/ Dan W. Goldfine*