IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION

| | |
|---|---|
| LEGENDS COLLISION CENTER, LLC., *et al.*, | * |
| | * |
| PLAINTIFFS, | * |
| | * MDL Docket No. 2557 |
| v. | * |
| | * Case No. 14-cv-6006-GAP-TBS |
| STATE FARM MUTUAL AUTOMOBILE | * |
| INSURANCE COMPANY, *et al.*, | * ORIGINALLY FILED IN THE |
| | * DISTRICT OF ARIZONA |
| DEFENDANTS. | * |
| | * |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO JUDGE SMITH'S REPORT AND RECOMMENDATION**

Plaintiffs object ("Pl. Obj.") (Doc. 110) to the Report and Recommendation's dismissal of their Unjust Enrichment and Tortious Interference Claims as if they were "blindsided" by some legal issue that they would have addressed had they known about it. But the Eleventh Circuit's prohibition against shotgun and group pleadings was established long before these cases were ever filed. Moreover, throughout this entire MDL proceeding, starting with the Court's sua sponte Order dated June 11, 2014 in companion case A&E Auto Body, Inc. v. 21st Century Centennial Ins. Co. ("A&E"), Plaintiffs' counsel was on notice of these fundamental pleading defects. As Plaintiffs themselves stated in the briefs they filed before Magistrate Judge Smith in related cases referring to the Court's prior rulings in the A&E case: "Presumably then, the directions provided by the Court in that case are equally applicable to the present one." See Plaintiffs' Omnibus Response to Motion to Dismiss Amended Complaint (Doc. 99) (attaching as Ex. 1 Plaintiffs' Omnibus Response to Certain

1

Defendants' Motions to Dismiss in <u>Brewer Body Shop, LLC v. State Farm Mut. Auto. Ins. Co.</u>, No. 14-cv-6002 (M.D. Fla.), at 7).

In the Motions to Dismiss, the undersigned Defendants have consistently and assiduously focused on Plaintiffs' failure to correct their improper shotgun and group pleadings. <u>See</u> Motion to Dismiss First Amended Complaint (Doc. 94) at 1-2, 15-16 ("Def. Br."); Motion to Dismiss Complaint (Doc. 74) at 1-3, 9, 11. Contrary to Plaintiffs' current "law of the case" argument, Magistrate Judge Smith never held that shotgun and group pleadings were acceptable in this case, in this MDL, or in the Eleventh Circuit. In no event is this Court precluded from adopting Judge Smith's recommendation of dismissal with prejudice as to Plaintiffs' Unjust Enrichment and Tortious Interference Claims for failure to comply with the pleading requirements of the Eleventh Circuit.

Nor have Plaintiffs filed an otherwise sufficient complaint in an improper format. Substantively, these four separate plaintiffs did not include any specific allegations of wrongdoing by the joining Defendants. <u>See</u> April 29, 2016 Report and Recommendation (Doc. 108) ("R&R") at 11-12; Def. Br. at 15-16. Not only did the Plaintiffs fail to allege how they were the victim of tortious interference or how they unjustly enriched each and every Defendant; they failed to allege the Defendant who harmed them and the customer involved. R&R at 11. This fundamental pleading deficiency is a recurring and uncured problem, and the state law claims of the Amended Complaint should now be dismissed <u>with prejudice</u> for failure to state a claim against these Defendants.

**ARGUMENT**

I. **RECOMMENDATION OF DISMISSAL OF THE STATE LAW CLAIMS SHOULD BE ADOPTED BASED ON RULE 8 PLEADING DEFICIENCIES.**

   A. **The Eleventh Circuit Prohibits Shotgun Pleading.**

The Eleventh Circuit has repeatedly held that shotgun pleading and collective allegations against multiple defendants are grounds for dismissal. In <u>Lacroix v. Western Dist. of Ky.</u>, 627 F. App'x 816, 818 (11th Cir. 2015), <u>cert denied</u>, 2016 WL 280920 (U.S. Jan. 25, 2016), the Court of Appeals made it clear that shotgun pleadings and collective allegations against multiple defendants would lead to dismissal:

> [T]he allegations in the complaint "must be simple, concise, and direct," and the complaint must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." A "shotgun pleading" – one in which "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" – does not comply with the standards of Rules 8(a) and 10(b). . . . Here, the district court properly dismissed the complaint for failing to comply with the pleading requirements of the Federal Rules of Civil Procedure. . . . [T]he complaint's 763 numbered paragraphs consist of factual allegations that are not specifically tied to any of the 69 enumerated causes of action. Indeed, the 69 causes of action are alleged against the defendants collectively, making it impossible to identify which particular defendant engaged in what allegedly wrongful conduct. In other words, Plaintiff LaCroix's complaint is a classic shotgun pleading. As such, it does not comply with Rule 8(a), 8(d), or 10(b), and the district court properly dismissed it.

(some internal citations omitted).  In <u>Paylor v. Hartford Fire Ins. Co.</u>, 748 F.3d 1117, 1125-26 (11th Cir. 2014), the Court cited to over twenty different cases in which the

3

Eleventh Circuit has discussed the "shotgun pleading problem," stating: "Each of these cases was decided by a unanimous court. All of the judges of this court, active and senior, have either authored or concurred in an opinion condemning shotgun pleadings." Stressing the "massive waste of judicial and private resources" that result from shotgun pleadings, the Court further stated: "A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6) or for a more definite statement pursuant to Rule 12(e)" "[a]nd nothing should stop District Courts from demanding, on their own initiative, that the parties replead the case." Id. at 1126-27, 28 (internal quotation marks and citations omitted).

In Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979-83 (11th Cir. 2008), abrogated on other grounds, Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court of Appeals spent five pages discussing the Eleventh Circuit's long history of "roundly, repeatedly, and consistently condemning" shotgun pleadings and the many "unacceptable consequences of shotgun pleadings," calling it an "imped[iment] [to] the due administration of justice" and an "obstruction of justice":

> First, and perhaps foremost, shotgun pleading inexorably broadens the scope of discovery, much of which may be unnecessary. . . . Second, in addition to delaying a just disposition of the case at the undue expense of one or both parties, shotgun pleadings, if tolerated by the court, lessen the time and resources the court has available to reach and dispose of the cases and litigants waiting to be heard. . . . Third, shotgun pleadings wreak havoc on appellate court dockets. . . . Fourth, the mischief shotgun pleadings cause [sic] undermines the public's respect for

4

> the courts – the ability of the courts to process efficiently,
> economically, and fairly the business placed before them.

(internal quotation marks and citations omitted). See also Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) (stating that tolerating shotgun complaints "does great disservice to the administration of civil justice").[1]

Despite this clear and controlling precedent, Plaintiffs repeatedly failed to tie any of their factual pleadings to specific causes of action. As the R&R made clear:

> The tortious interference count begins at paragraph 461
> of the FAC.  No preceding paragraphs are incorporated
> by reference.  If the earlier paragraphs are excluded then
> the FAC fails to state a cause of action for a host of
> reasons.  The alternative, and what I believe Plaintiffs
> intended, is that all 460 preceding paragraphs, including
> the antitrust counts, are included in this count.

R&R at 7.  Plaintiffs cannot legitimately claim some unfair surprise in being held to the pleading standard of this Circuit (Pl. Obj. at 1-3, 5 n.2) – and Plaintiffs' inclusion of complaints from other jurisdictions is wholly off point (as well as improper) (Pl. Obj. at 13-15).

### B.    The Eleventh Circuit Prohibits Undifferentiated Group Pleading.

Judge Smith's Recommendation should also be adopted because the

---

[1] Plaintiffs describe Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313 (11th Cir. 2015) in support of their shotgun pleadings.  The complaint in Weiland alleged that an individual was shot in a bedroom without warning by two police officers, then tasered and beaten, and then the police officers "fabricated an elaborate story" in an effort to cover up their assault, with the result being Weiland was charged with aggravated assault and incarcerated for two years awaiting trial. The Eleventh Circuit found that the two police officers were on notice of the claims against them.  Notably, the two police officers did not "assert that they were having difficulty knowing what they were alleged to have done and why they were liable for doing it." Id. at 1324.

5

Complaint suffers from deficient group pleading. Indeed, the few pages in the Objection actually referring to any Defendant insurer mention only alleged conduct of GEICO and Encompass (Pl. Obj. at 8-11), or complaints brought in other jurisdictions against certain insurers (Pl. Obj. at 13-15).  But those few isolated exceptions prove the rule.  Here, there are multiple defendants.  Federal Rule of Civil Procedure 8 ("Rule 8") is not satisfied when plaintiffs simply use the general term "Defendants" and then in conclusory fashion aver that they all did the same thing.  That point was also made clear by the Court of Appeals in Lacroix, where it affirmed the dismissal of the plaintiffs' claims, explaining that pleadings "against the defendants collectively, mak[e] it impossible to identify which particular defendant engaged in what allegedly wrongful conduct."  627 F. App'x at 819. See also Robinson v. Section 23 Prop. Owner's Assoc. Inc., No. 2:12-cv-675-FTM-29CM, 2014 WL 4358486, at *5 (M.D. Fla. 2014) ("Plaintiffs impermissibly 'lump together all of the defendants' without specifying each's role in the alleged fraud.").

In Pierson v. Orlando Reg'l Healthcare Sys., Inc., 619 F. Supp. 2d 1260, 1273 (M.D. Fla. 2009), aff'd, 451 F. App'x 862 (11th Cir. 2012), cert. denied, 133 S. Ct. 940 (2013), this Court affirmed the dismissal of a "group pleading" complaint for failing to meet Rule 8's pleading requirement to give defendants "fair notice of the basis for the claims against them."  The complaint in Pierson consisted of a series of paragraphs listing the defendants by name, a series of paragraphs describing the individual defendants, and then group pleadings "without differentiation among individual Defendants," some of which were "mentioned by name only two or three

6

times in the entire Amended Complaint." Id. at 1272. The court held: "Because of the grouping together of these Defendants without differentiation or some sort of description of actions that could provide 'fair notice' of the basis for the claims against them, the claims against the [Defendants] are not sufficiently pled." Id. at 1274. Thus, Plaintiffs should not be surprised by the R&R, which fairly applies the Rule 8 pleading requirements in this Circuit. And, Plaintiffs cannot prohibit the District Court from following the Eleventh Circuit's pleading standard by declaring that a magistrate judge's R&R is binding "law of the case."[2]

## C. Decisions Throughout This MDL Have Stressed The Need To Correct Shotgun And Group Pleadings.

From the outset of this MDL proceeding, the District Court notified Plaintiffs' counsel that shotgun and group pleadings were unacceptable. Plaintiffs have nonetheless attempted to plead a claim for unjust enrichment as if they never read this Court's sua sponte Order dismissing the original complaint in the A&E case in

---

[2] Plaintiffs take issue with the pleading standard in this jurisdiction: "It is only in the Middle District of Florida that such arguments have found fertile ground . . . ." Pl. Obj. at 15. Not only is that statement discourteous, it is wrong. See, e.g., Atuahene v. City of Hartford, 10 F. App'x 33, 34 (2d Cir. 2001) (dismissing a group pleading complaint because "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [Plaintiff's] complaint failed to satisfy [Rule 8's] minimum standard, even after the district court graciously accorded him several opportunities to correct its manifest flaws."); Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008) (the court held that "use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom" is insufficient to satisfy the plaintiffs' pleading requirements). See also SD3, LLC v. Black & Decker (U.S.) Inc., 801 F.3d 412, 423-24 (4th Cir. 2015), am. on reh'g in part (Oct. 29, 2015) (no Sherman Act claim where Plaintiff "trie[d] to tie [certain] defendants to the purported conspiracies with nothing more than conclusory statements").

7

which the Court expressly referred to the pleading problem with respect to a claim of unjust enrichment:

> With limited expectations, the allegations of wrongdoing are attributed, collectively, to every Defendant and alleged to have been perpetrated upon every Plaintiff. While there may be situations in which such collective descriptions are sufficient, at least some of [the] claims asserted here require individualized allegations. For example, if Plaintiffs' counsel were able to establish that Defendant A was unjustly enriched by shortchanging Plaintiff B, it would not entitle any other plaintiff to a judgement against Defendant A (or any other defendant). However, that is the way this action has been pleaded. If the Plaintiffs choose to replead, this must be corrected.

Order, A&E (Doc. 110) at 2. See also A&E, 120 F. Supp. 3d 1352, 1356 (M.D. Fla. 2015) (criticizing "collective allegations about the conduct of 'Defendants,' even in scenarios (such as the alleged steering of an insured away from one of the Plaintiffs to a lower-priced shop) where it would seem that any Defendant doing so would have acted singly"); Brewer Body Shop, LLC v. State Farm Mut. Auto. Ins. Co., 101 F. Supp. 3d 1256, 1260 (M.D. Fla. 2015) (providing clear instructions to the Plaintiffs as to how to cure their pleading deficiencies); Southern Collision & Restoration, LLC v. State Farm Mut. Auto. Ins. Co., No. 14-cv-6005, 2015 WL 1911768, at *2 (M.D. Fla. Apr. 27, 2015) (same).

### D. The 2015 Report and Recommendation and the 2015 Order Adopting It Gave Plaintiffs Notice of the Rule 8 Pleading Issue.

The thrust of Plaintiffs' Objection is that they were unfairly surprised by the R&R concluding that shotgun and group pleadings warranted dismissal of the Amended Complaint:

> Additionally, the Report should not be adopted because the previous Report the Court adopted never raised the issue of "shotgun" pleadings. Plaintiffs relied upon the Court's order in framing the FAC and they cannot be expected to address deficiencies that they were not made aware of. Dismissal with prejudice would be particularly inequitable here, since Defendants previously argued the shotgun pleading issue and the Court either declined to rule in their favor or declined to address them at all. <u>Plaintiffs had no reason to anticipate the purported deficiencies under the circumstances.</u>

Pl. Obj. at 5 n.2. (emphasis added) (citation omitted). The record, however, is to the contrary.

In recommending dismissal of the Complaint in 2015, Magistrate Judge Smith clearly pointed to the general Rule 8 pleading deficiencies:

> Even in those states that allow a plaintiff to establish a claim for tortious interference with business relationships or prospective economic advantage based on interference with an identifiable class of customers, rather than specific customers, a plaintiff must still plead the claim with sufficient factual detail to satisfy the requirements of Rule 8(a). For the reasons I have already explained, all of the Plaintiffs' complaints fall short of this standard because they attribute "'allegations of wrongdoing ... collectively to every Defendant.'"

Omnibus Report and Recommendation dated June 3, 2015 (Doc. 83) at 39, <u>quoting</u> <u>A&E</u>, Case No. 6:14-cv-310 (Doc. 110) at *2.  In adopting the initial R&R on August

9

17, 2015 (Doc. 222 in case no. 14-md-2557), the District Court made it clear that the fundamental Rule 8 pleading deficiencies still persisted:

> In his Report, Judge Smith noted the difference between the laws of these 14 states with respect to the level of specificity required in pleading a tortious interference claim. For example, Arizona, Michigan and Illinois allow a plaintiff to state a claim for tortious interference with a prospective contractual relationship based on interference with an identifiable class of customers; whereas Washington and Alabama require identifiable third parties. (June 3 Report at 38 in Case No. 6:14-md-2557). In any event, Judge Smith concluded that the Plaintiffs' claim of tortious interference must fail under a Rule 8(a) analysis, because they attribute allegations of wrongdoing collectively to every Defendant. (June 3 Report at 39 in Case No. 6:14-md-2557).
>
> * * *
>
> In short, Plaintiffs have no support for their continued insistence on pleading tortious interference on a group basis, and this Court has consistently ruled that group pleading will not suffice in this context.

Id. at *23-24 (emphasis added). Accordingly, Plaintiffs cannot claim some unfair surprise by the Magistrate Judge's R&R roughly one year later.

### E. Both Parties Briefed the Rule 8 Pleading Issue in the Current Motion to Dismiss the Amended Complaint.

In moving to dismiss the Amended Complaint (which failed to correct the pleading defects), Defendants attacked the shotgun and group pleadings:

> Both remaining state law claims (Tortious Interference with Business Relations and Unjust Enrichment) should be dismissed for failure to allege any act by any Defendant with regard to any Plaintiff. The allegations of Counts III and IV do not specifically mention a single Defendant, a single Plaintiff, or a single customer. See FAC ¶¶ 461-477.

> Count IV, along with Counts I and II, also improperly attempts to incorporate every allegation in the Complaint, which "is a prohibited 'shotgun pleading'" that this Court informed the Plaintiffs over a year ago was improper. . . .
>
> * * *
>
> Plaintiffs were also warned about their improper attempts at group pleading, particularly for causes of actions, like tortious interference and unjust enrichment, that would require particularized allegations

Def. Br. at 15-16.

Plaintiffs could not be surprised that the Magistrate Judge would address these issues because Defendants squarely placed them at issue:

> Yet, despite these admonitions, and further guidance provided by Magistrate Judge Smith (see, e.g., Report and Recommendation dated June 3, 2015 (Doc. 83) ("Omnibus R&R") at 10-11 ) and again from Judge Presnell (see, e.g., Brewer, 2015 WL 1911418, at *1) in related cases, Plaintiffs here continue their improper group and shotgun pleading attempts. As aptly stated by this Court over 15 months ago, "Dismissal is required."
>
> * * *
>
> Plaintiffs have chosen to plead unjust enrichment as if they never read this Court's sua sponte Order dismissing the original complaint in that A&E case:
>
> * * *
>
> The FAC still improperly alleges that all Plaintiffs were harmed by all Defendants without providing any specifics as repeatedly instructed by this Court, which is grounds for dismissal.

Id. at 16, 18.

Rather than being unaware of these arguments, Plaintiffs disputed the inadequacy of their pleadings:

11

> The Plaintiffs have met all required pleading standards for a Rule 8 complaint, and exceeded them.
>
> * * *
>
> Plaintiffs are not required to articulate in the amended complaint specific facts as to each named defendant.
>
> * * *
>
> Yet again, Defendants argue the Amended Complaint relies upon improper group pleading and that the Court has previously addressed this issue such that the Amended Complaint should be dismissed on this basis alone.

Pl. Opp. at 21, 25, 31. See also id. 31-34. Plaintiffs may have disagreed with Defendants' position, but they never argued that the issue was resolved or foreclosed as "law of the case." This new "law of the case" argument, raised for the first time in an objection to a report and recommendation, need not be considered by this Court. See, e.g., Am. Home Assur. Co. v. Weaver Aggregate Trans., Inc., 89 F. Supp. 3d 1294, 1300 (M.D. Fla. 2015). Moreover, it is plainly incorrect.

## II. NEITHER THE COURT NOR DEFENDANTS SHOULD BE FURTHER BURDENED WITH PLAINTIFFS' ARGUMENTS.

Plaintiffs' pleading problem is more than simply failing to have otherwise adequate pleadings arranged in a proper format. Substantively, Plaintiffs fail to include any specific allegations regarding most Defendants. Fifty-three individual defendants are named in this case. Each Plaintiff is required to allege, at a minimum, the identity of the specific Defendant who took some action to harm that individual Plaintiff. See R&R at 11 (""[A]t a minimum, Plaintiffs should allege sufficient facts specific to each Defendant, or at least each corporate family of

Defendants, to tie that Defendant to the wrongdoing alleged."); see also Omnibus Report and Recommendation in case No. 14-md-2557, dated June 3, 2015 (Doc. 83) at 11 (same).  Instead, the Amended Complaint alleges, in conclusory fashion, that fifty-three different Defendants somehow harmed each Plaintiff.  But absolutely no allegations exist regarding what action each Defendant took with respect to each Plaintiff.  Plaintiffs do not solve their problem by quibbling over the number of Defendants unmentioned (whether individual corporate entities or corporate families); Plaintiffs simply did not allege any action taken by most Defendants.  Beyond that repeated failure, Plaintiffs fail to allege the customer involved.  Simply stated, four plaintiffs cannot sue fifty-three defendants and fail to allege how each defendant harmed each plaintiff.  Plaintiffs had ample warning of this fundamental problem, and they completely failed to remedy it.

Despite these dispositive problems with the Amended Complaint, Plaintiffs have now submitted a twenty-eight page Objection to the R&R in violation of Local Rule 3.01. The over-length brief should be stricken. See Order, Alpine Straightening Sys. v. State Farm Mut. Auto. Ins. Co., Case No. 6:14-cv-6003 (M.D. Fla. May 17, 2016) (Doc. 140); Order, Parker Auto Body, Inc. v. State Farm Mut. Auto Ins. Co., No. 14-cv-6004 (M.D. Fla. May 27, 2016) (Doc. 185). See also Danubis Grp., LLC v. Landmark Am. Ins. Co., No. 6:14-CV-32-ORL-37DAB, 2016 WL 1055430, at *2 n.2 (M.D. Fla. Mar. 17, 2016).[3]

---

[3] Defendants also note that Plaintiffs' brief was due fourteen days after Magistrate Judge Smith issued the R&R, which was May 13, 2016.  Plaintiffs did not file their Objections until May 17, 2016.  The untimeliness of Plaintiffs' filing warrants striking

13

Finally, as a matter of jurisprudence, the Court need not reach legal issues unnecessary for the determination of the case. See, e.g., <u>Fails v. Secretary, Dept. of Corrections</u>, No. 4:13-cv-456, 2014 WL 4092262, at *1 (N.D. Fla. Aug. 19, 2014). See also <u>Dibbs v. Hillsborough Cnty., Fla.</u>, 625 F. App'x 515, 517-18 n.4 (11th Cir. 2015); <u>United States v. 410.69 Acres of Land, More or Less in Escambia Cnty., State of Fla.</u>, 608 F.2d 1073, 1074 (5th Cir. 1979). Here, the Rule 8 pleading deficiencies require the dismissal of the Amended Complaint. Therefore, Plaintiffs' various legal arguments on the intricacies of Arizona law should never be reached.

If the Court chooses to wade through the twenty-eight pages of argument, Defendants adopt and incorporate by reference the briefs submitted by the other Defendants on the issues of Arizona Law. See Scheduling Order Number One, 15-md-2557 (Doc. 2) at 3.[4]

## CONCLUSION

For all the reasons stated above, Plaintiffs' objections should be overruled.

---

of the Objection. See Order in <u>Parker</u> (May 27, 2016) (striking objection to report and recommendation due to untimely filing).

[4] Defendants' prior briefing also explains in detail why Plaintiffs' second attempt to state a claim for tortious interference with business relations fails to remedy their defective original complaint, because, <u>inter alia</u>, Plaintiffs fail to state specific allegations of tortious interference against the majority of Defendants, no allegations of illegal or improper conduct are alleged, and to the extent there was any interference, it was privileged. See Def. Br. at 15-17; Certain Defendants' Motion to Dismiss (Doc. 96) at 19-23; Moving Defendants' Reply Brief (Doc. 105) at 5; Certain Defendants' Reply Brief at 10-13 (Doc. 106). Defendants' briefing further explains in detail why Plaintiffs' unjust enrichment claim similarly fails to state a claim for relief, because, <u>inter alia</u>, Plaintiffs did not enrich or confer a benefit upon Defendants and Plaintiffs were not impoverished. See Def. Br. at 15-16, 18-22; Certain Defendants' Motion to Dismiss (Doc. 96) at 23-25; Moving Defendants' Reply Brief (Doc. 105) at 5; Certain Defendants' Reply Brief (Doc. 106) at 13-15.

Dated June 3, 2016

By: /s/ Thomas G. Rohback
Thomas G. Rohback
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
Phone: (860) 275-8100
Facsimile: (860) 275-8101
trohback@axinn.com

Attorneys for Defendants Hartford Casualty Insurance Company and Hartford Insurance Company of the Midwest


/s/ Thomas W. Curvin
Thomas W. Curvin (Ga. Bar No. 202740)
Amelia Toy Rudolph (Fla. Bar No. 0057015)
Patricia A. Gorham (Fla. Bar No. 0049861)
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, Georgia 30309-3996
Tel: (404) 853.8000
Fax: (404).853.8806
Email: tom.curvin@sutherland.com
Email: amelia.rudolph@sutherland.com
Email: patricia.gorham@sutherland.com

Attorneys for Defendant Zurich American Insurance Company


/s/ P. Bruce Converse
Floyd P. Bienstock (Az Bar No. 006299)
P. Bruce Converse (Az Bar No. 005868)
STEPTOE & JOHNSON, LLP
201 E. Washington St, Suite 1600

Respectfully submitted,

/s/ Lara J. Edelstein
Lara J. Edelstein
Florida Bar No. 78591
E-mail: ledels@uaig.net
Paul E. Susz
Florida Bar No. 836095
Email: psusz@uaig.net
House Counsel for
United Automobile Insurance Company
1313 N.W. 167 Street
Miami Gardens, FL 33169
Telephone: (305) 774-6160


/s/ R. Wardell Loveland
R. Wardell Loveland
SBN 127736
Coddington, Hicks & Danforth
555 Twin Dolphin Drive, Suite 300
Redwood Shores
Redwood City, CA 94065
Telephone: (650) 592-5400
Facsimile: (650) 592-5027
rloveland@chdlawyers.com

Counsel for Defendant CSAA Fire & Casualty Insurance Company


/s/ Kathy J. Maus
KATHY J. MAUS, ESQ.
Florida Bar No.: 0896330
kmaus@butlerpappas.com
JULIUS F. PARKER III, ESQ.

15

Phoenix, AZ 85004
Telephone No. 602-257-5200
Facsimile No. 602-257-5299
E-mail:  fbienstock@steptoe.com
         bconverse@steptoe.com

Attorneys for Defendants Metropolitan Property and Casualty Insurance Company, Metropolitan Group Property and Casualty Insurance Company and Metropolitan Casualty Insurance Company

Florida Bar No.: 0160857
jparker@butlerpappas.com
Secondary:
eservice@butlerpappas.com
BUTLER WEIHMULLER KATZ CRAIG LLP
3600 Maclay Blvd., Suite 101
Tallahassee, Florida 32312
Telephone: (850) 894-4111
Facsimile: (850) 894-4999

Attorneys For:
MERCURY CASUALTY COMPANY

/s/ Jeffrey S. Cashdan
Jeffrey S. Cashdan, admitted pro hac vice
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone:  (404) 572-4600
Facsimile:  (404) 472-5139
jcashdan@kslaw.com

/s/ Michael R. Nelson
Michael R. Nelson, admitted pro hac vice
Kymberly Kochis, admitted pro hac vice
Francis X. Nolan, admitted pro hac vice
Sutherland Asbill & Brennan LLP
1114 Avenue of the Americas, 40th Floor
New York, NY 10036-7703
Telephone:  (212) 389-5068
michael.nelson@sutherland.com
kymberly.kochis@sutherland.com
frank.nolan@sutherland.com

Counsel for Defendants
Progressive Preferred Insurance Company, Progressive Advanced Insurance Company, and Progressive Casualty Insurance Company

/s/ Michael E. Mumford
Ernest E. Vargo, Admitted Pro Hac Vice
evargo@bakerlaw.com
Michael E. Mumford, Admitted Pro Hac Vice
mmumford@bakerlaw.com
BAKERHOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114
Telephone (216) 621-0200
Facsimile (216) 696-0740

Counsel for Defendants Liberty Mutual Insurance Company and Safeco Insurance Company of America

/s/ Michael H. Carpenter
Michael H. Carpenter
Michael N. Beekhuizen
David J. Barthel
Carpenter Lipps & Leland LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
(614) 365-4100 telephone
(614) 365-9145 facsimile
carpenter@carpenterlipps.com
beekhuizen@carpenterlipps.com
barthel@carpenterlipps.com

Mark J. Botti
Squire Patton Boggs (US) LLP
1200 19th Street, N.W., Suite 300
Washington, District of Columbia  20036
(202) 626-6600 telephone
(202) 626-6780 facsimile
mark.botti@squirepb.com

Attorneys for Defendants Nationwide
Insurance Company of America,
Nationwide Mutual Insurance  Company,
and Nationwide Affinity Insurance
Company of America

/s/ E.K. Cottrell
E.K. Cottrell (Fla. Bar No: 0013579)
EMAIL: ecottrell@sgrlaw.com
SMITH, GAMBRELL & RUSSELL, LLP
50 N. Laura Street, Suite 2600
Jacksonville, FL 32202
Telephone: (904) 598-6100
Facsimile: (904) 598-6300

Attorneys for Defendants Sentry Insurance
A Mutual Company

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of June, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

/s/ Thomas G. Rohback
Thomas G. Rohback
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
Phone: (860) 275-8100
Facsimile: (860) 275-8101
trohback@axinn.com