UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LEGENDS COLLISION CENTER, LLC,
JAN'S EUROPEAN AUTO BODY
INCORPORATED, ROBERT K ISHAM
and AIRPORT ENTERPRISES
INCORPORATED,

    Plaintiffs,

v.                                                  Case No:   6:14-cv-6006-Orl-31TBS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, et al.,

    Defendants.

## ORDER

This case comes before the Court on Defendants' Motion to Strike Plaintiffs' Objections to Magistrate's Report & Recommendation (Doc. 116). Plaintiffs have not filed a response to the motion and the time within to do so has expired.

When a party fails to respond, that is an indication that the motion is unopposed. Foster v. The Coca-Cola Co., No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015); Jones v. Bank of Am., N.A., 564 F. App'x 432, 434 (11th Cir. 2014)[1] (citing Kramer v. Gwinnett Cty., Ga., 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004); Daisy, Inc. v. Polio Operations, Inc., No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed); Brown v. Platinum Wrench Auto Repair, Inc., No. 8:10-cv-2168-T-33TGW, 2012 WL 333808, at * 1 (M.D. Fla. Feb. 1, 2012) (after party failed to respond,

---

[1] "Unpublished opinions are not considered binding precedent, but may be cited as persuasive authority." CTA11 Rule 36-2.

court treated motion for summary judgment as unopposed). In the past, counsel for Plaintiffs have failed to respond to similar motions in related cases and are aware that their lack of response is one of the reasons the other motions were granted (See Case No. 6:14-cv-6003-Orl-31TBS docket entry 140; Case No. 6:14-cv-6004-Orl-31TBS, docket entry 185). Accordingly, the Court proceeds on the basis that this motion is unopposed.

The Court entered its Report and Recommendation ("R&R") on April 29, 2016 (Doc. 108). The R&R concludes with the following notice:

> A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

(Id., at 21). Plaintiffs' objection ("Objection") was filed on May 17, 2016, which was four days after the deadline (Doc. 110). Plaintiffs have failed to show excusable neglect for their failure to comply with the 14 day deadline and therefore, the Objection is due to be stricken as untimely. The Objection is also due to be stricken because it exceeds the 20 page limitation established by M.D. FLA. 3.01(b). Plaintiffs could have, but failed to seek leave of Court before filing their over-length Objection. For these reasons, the unopposed motion to strike is **GRANTED** and the Objection is **STRICKEN**.

**DONE** and **ORDERED** in Orlando, Florida on June 21, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record