UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LEGENDS COLLISION CENTER, LLC,**
et al.,

      **Plaintiffs,**

v.                                       Case No:   MDL 2557
                                                 6:14-cv-6006-Orl-31EJK

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, et al.,**

      **Defendants.**

## ORDER

By order dated December 22, 2016, this Court dismissed Plaintiffs' claims with prejudice (Doc. 119), and the case was closed.  Plaintiffs' motion to reconsider that order was denied on January 27, 2017 (Doc. 128).  Plaintiffs did not appeal.

In the meantime, the GEICO defendants filed a motion for attorney fees pursuant to 28 U.S.C. § 1957 and the Court's inherent powers (Doc. 121), contending that Plaintiffs and their counsel filed the Complaint in bad faith.  Plaintiffs opposed the motion (Doc. 123), and GEICO filed a reply (Doc. 127).

This case was one of approximately 25 cases assigned to me under 6:14-md-2557-Orl-31EJK.  Several appeals of dismissal orders in those cases were taken to the 11th Circuit.  Initially, a split Court reversed this Court's dismissal of Plaintiffs' claims in five of these cases.  However, in March 2019, the *en banc* Court affirmed my dismissal of all claims asserted by

Plaintiffs/Appellants except for the tortious interference claims.  *Quality Auto vs. State Farm*, 917 F.3d. 1249 (11th Cir. 2019) (en banc).[1]

In my order dismissing the Second Amended Complaint in the Florida case, I observed that,

> "Based upon a review of the pleadings in this and the other 20-odd cases – almost all of which share the same shortcomings – the Court finds that giving the Plaintiffs another opportunity to state a claim would be an exercise in futility. Despite becoming much wordier, the Plaintiffs' pleadings have not come remotely close to satisfying the minimum pleading requirements as to any of the claims asserted." (6:14-cv-310-Orl-31EJK, Doc. 341, pages 20-21)

With this in mind, it is tempting to grant GEICO's motion.   However, a split 11th Circuit panel was of the opinion that all the claims asserted by Plaintiffs in *Quality Auto* were viable, and the *en banc* Court upheld at least one of the claims.   Accordingly, I cannot conclude that the Complaint in this case was filed in bad faith.

It is therefore

**ORDERED** that the motion (Doc. 121) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 2, 2020.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[1] See also *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707 (11th Cir. 2020) and *Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 945 F.3d 1150 (11th Cir. 2019).